Filed 4/30/25  P. v. Ayala CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDUARDO CISNEROS AYALA,<br><br>    Defendant and Appellant. | H052157<br>(Monterey County<br>Super. Ct. No. SS160768A) |

Defendant Eduardo Cisneros Ayala pleaded no contest to inflicting corporal injury upon a spouse and cruelty to a child by endangering the child's health.  He also admitted he had suffered a prior conviction within seven years for inflicting corporal injury on a spouse, cohabitant, the mother of his children, or a person in a dating relationship.  The trial court imposed a three-year term of formal probation and subsequently found Ayala had violated the terms of his probation.  The trial court terminated probation and imposed an aggregate sentence of four years in state prison.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Ayala of his right to submit written argument on his own behalf within 30 days, and we received no response.

We reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal.

We affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Procedural Background*

In May 2016, the prosecution charged Ayala with two counts: count 1—corporal injury to a spouse (Pen. Code, § 273.5, subd. (a))[1]; and count 2—cruelty to a child by endangering the child's health (§ 273a, subd. (b)). As to count 1, the prosecution alleged Ayala had suffered a prior conviction within seven years for a violation of section 273.5 committed against a victim falling under subdivision (b) of that code section. (§ 273.5, subd. (f)(1).)

In September 2016, Ayala pleaded no contest to both counts as charged and admitted the special allegation. In November 2016, the trial court suspended imposition of sentence and granted a three-year term of formal probation with 60 days in county jail.

In October 2017, Immigration and Customs Enforcement notified the probation department that Ayala had been deported. The probation department filed a petition and notice of probation violation alleging Ayala had failed to report to probation immediately upon his deportation. In February 2023, Ayala admitted the alleged probation violation, and the trial court revoked probation to retain jurisdiction. In March 2023, the trial court reinstated probation with the condition that Ayala serve 181 days in county jail.

In February 2024, the probation department filed another petition alleging Ayala had violated the terms of his probation because he was arrested for violating section 273d, subdivision (a) (inflicting upon a child any cruel or inhuman corporal punishment or an injury resulting in a traumatic condition). After Ayala pleaded no contest to violating that code section, the trial court found he had violated the terms of his probation.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

In May 2024, the trial court terminated Ayala's probation and imposed an aggregate sentence of four years in state prison. The sentence consisted of the middle term of four years on count 1 and a concurrent term of 180 days on count 2.

Ayala timely appealed. He did not request a certificate of probable cause. We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues. We notified Ayala of his right to submit written argument on his own behalf within 30 days, and we received no response.

### B. *Facts of the Offense and Probation Violation*

According to the probation report, in 2016 a neighbor reported to the police that Ayala had hit his wife and left the residence. Police found Jane Doe hyperventilating and holding an ice pack to the right side of her face. The area around her right cheek and eye was swollen, and she had a slight cut above her right eye. Doe told police she and Ayala had gotten into an argument about his alcohol consumption. She became afraid of him and attempted to leave the residence through a window, whereupon Ayala grabbed her by the arm and punched her in the face twice. Her four children were present in the room and witnessed the assault.

In 2024, Child Protective Services workers reported to police that one of Ayala's children had marks and bruises on his body from being struck with a belt. The child told Child Protective Service workers that Ayala had struck him with a belt, and the workers relayed the report to the police along with photographs of the child's injuries. The police later interview Ayala's children, who corroborated the report. The police arrested Ayala, and he admitted hitting the child with a belt.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with his responsibilities. (*Wende*, at p. 441.)

### III. DISPOSITION

The judgment is affirmed.

_____

Greenwood, P. J.

WE CONCUR:


_____

Grover, J.


_____

Lie, J.


People v. Ayala
H052157